By the Court.—Barbour,. Ch. J.
This action was brought to recover twenty thousand dollars damages from the defendants, because of their alleged wrongful possession and detention of one hundred shares of the capital stock of a certain railway company in Rio de Janiero, Brazil.
The complaint charges that on or about November 11 and 14, 1868, the defendant, Thurman, in concert with, and procurement of, the other defendants, applied to the plaintiff and proposed to buy his stock, and at the same time, in answer to the plaintiff’s inquiries in that regard, falsely and fraudulently stated and represented to the latter that no news or tidings had been received from the company in Brazil, or any of its officers, other than such as had been received long before and was known to the plaintiff, and that it was wholly unknown whether the said road would or would not succeed, although, in fact, Thurman then knew that the company had suddenly become a great success, and that the defendants had, on the 9th of the same November, received a private telegram from the president of the company in Rio de Janiero, informing them of the great success of the company, and suggesting the purchase of all of its stock ; and that by means *538 of such fraud and deceit, the plaintiff, being ignorant of the real facts, was induced to and did deliver his stock to the defendants, about thirty per cent., being less than a third of its value.
On the trial, the plaintiff, after giving evidence tending to prove the representations and their falsity, offered in evidence a letter, written to him by the president of the company at Bio, dated November 24, 1868, which stated that the'road was a great success, that its daily receipts were seven hundred and fifty dollars, and when fully completed, would be much more, and that he had been offered seventy dollars in gold for stock, but considered it worth more than double that as an investment for dividends. That letter was objected to by the defendants, and the case states, “ Objection overruled for the present, subject to be renewed by the defendants.” The letter was then read. No exception directly appears by the case to have been taken to that ruling, nor was the objection renewed or any motion made to strike out the evidence.
The plaintiff then next offered in evidence another letter to himself from the president, dated at Bio de Janiero, October 26, 1868, but not received until after the sale to the defendants, stating, in effect, that the road had proved a great success, that the receipts were four hundred and seventy dollars per day, and would be eight hundred or one thousand when fully opened, and that shareholders would receive back their original investments within a year, and large dividends thereafter. The case says, Same objection, same ruling, and exceptions.” The letter was then read in evidence.
It is not quite clear whether it may not properly be inferred that an exception was taken by the defendants to the admission of the letter first read in evidence. But that is not material, inasmuch as the letter of October 26 was written just previous to the sale, and was fully as objectionable as the other, and was objected to, *539 admitted, and an exception to the ruling duly taken. The question, therefore, is, as to the admissibility of the October letter.
The counsel for the plaintiff now claims that the letter in question was not offered nor received as evidence of the facts therein contained, but only as evidence that certain information was received by the plaintiff, which prompted him to rescind the contract of sale, and that it was competent for that purpose, or, if not competent, its admission was immaterial, as it did not harm the defendants.
The letter, certainly, was not legally admissible as evidence that the road had suddenly become a great success, or was producing large receipts, nor to prove that the stock was worth much or any more than the purchase price at or subsequent to its transfer by the plaintiff to the defendants. For, it contained only the statement of a third person, not a privy in interest or otherwise with the parties to the action or either of them, so far as concerned the subject matter of this action, and must, therefore, be considered as mere hearsay. ¡Nor was it properly receivable for the purpose of proving that the plaintiff’s demand upon the defendants for the return of the stock was based upon the information conveyed to the plaintiff by such letter. For although it was incumbent upon the plaintiff to prove that the facts which entitled ¡him to the return of the stock were in existence when the demand was made, it was quite unnecessary and irrelevant for him to show what particular information upon the subject had then reached him. Assuming, then, as we may, that the letter was not properly receivable in evidence, the question remains whether its admission tended to the injury of the defendants upon the trial.
I As the case does not show that the application and effect of the letter as evidence were in any manner restricted or limited, it must be held to have been received *540 and read as evidence, generally, in the canse. The jury, therefore, had a right to, and they probably did, consider it as the true statement of the actual condition- and income of the road at the time the letter was written, and also of its earnings and value, as founded upon the opinion of an expert, who, as the president of the company and employed in constructing and managing the road, might well be presumed -to be fully informed upon the subject, This evidence, then, was quite material; for the witnesses who testified upon the stand as to the value of the stock, showed so little knowledge upon the subject that the jury would have been justified in discrediting their conclusions. The error of the court in admitting the letter as evidence was, therefore, a material one ; and for that reason, and without considering here the further exceptions in the case, we think the judgment and order appealed from should be reversed with costs, and. a new trial granted.